UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SELETHEA DORSEY                  :
                                 :
        v.                       :          C.A. No. 09-343S
                                 :
GREYHOUND BUSES                  :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

During August 2009, Plaintiff Selethea Dorsey filed eleven (11) Complaints in this Court

and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00

per case filing fee. Plaintiff's Application (Document No. 2) filed pursuant to 28 U.S.C. § 1915 has

been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's

Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the

fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without

Prepayment of Fees (Document No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint

*sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to

state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is

immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint

be DISMISSED because it is "frivolous," "fails to state a claim on which relief may be granted,"

and/or "seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff apparently arrived in Providence by Greyhound Bus on June 25, 2009.  She sues Greyhound Buses because it allegedly lost her luggage on her bus trip to Providence.  She states that when she arrived in Providence, her possessions were "underneath" in the luggage compartment and the driver drove off to Boston without giving her luggage to her.  She demands $3,500.00 for the value of her lost items.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under

Section 1915 because of other affirmative defenses appearing on the face of a complaint.  See, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in her favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Rule 8(a)(1), Fed. R. Civ. P., requires that every Complaint "must" contain a short and plain statement of the grounds for the Court's jurisdiction.  This generally consists of a reference to subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship).  Plaintiff's Complaint does not contain the required jurisdictional allegations and thus does not comply with Rule 8(a)(1).

In addition to this procedural deficiency, Plaintiff's claims as plead do not trigger this Court's subject matter jurisdiction.  First, as to federal question (28 U.S.C. § 1331), Plaintiff does not identify any federal laws or constitutional provisions allegedly violated by Greyhound Buses.  Plaintiff has not adequately stated any federal claims and thus the Court has no subject matter jurisdiction under 28 U.S.C. § 1331.

Plaintiff does, however, potentially allege common law claims under state law (such as conversion or breach of contract) which might trigger diversity jurisdiction under 28 U.S.C. § 1331.

However, even if Plaintiff could establish diversity of citizenship as to this case, she would still have to meet the minimum $75,000.00 jurisdictional amount in controversy. From my review of Plaintiff's Complaint and Civil Cover Sheet, she does not meet this requirement for diversity jurisdiction. She demands a total of $3,500.00 from Greyhound Buses which falls far short of the required amount in dispute.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint be DISMISSED as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 25, 2009